Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
110 West 'C' Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiff
Lillia Renteria

FILED
JAN 2 8 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIA RENTERIA,<br>PLAINTIFF,<br><br>v.<br><br>COLLECTCORP, A BUSINESS CORPORATION, AND GLENN PATTON, AND TRAVIS HIDASHI, NATURAL PERSONS,<br>DEFENDANT. | Case No.: C05 00415 HRL<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

//

//

---

[1] 15 U.S.C. 1692(a)-(e)

VERIFIED COMPLAINT FOR DAMAGES          PAGE 1 OF 12

CLIENT FILES: CONSUMER: RENTERIA, LILLY: VERIFIED COMPLAINT II.DOC

ORIGINAL

2. LILLIA RENTERIA, (hereinafter "Plaintiff"), by her attorneys, brings this action to challenge the actions of four parties, COLLECTCORP, GLENN PATTON, AND TRAVIS HIDASHI, (hereinafter "Defendants"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant," or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

6. Because Defendants do business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

8. Plaintiff is a natural person who resides in the City of San Jose, County of Santa Clara, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Collectcorp is a corporation operating from the City of Phoenix, County of Maricopa, State of Arizona.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants Glenn Patton and Travis Hidashi are natural persons operating from the City of Phoenix, County of Maricopa, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants resided in or conducted business in the State of California.

17. Sometime before November 1, 2004, Plaintiff allegedly incurred financial obligations to Citicorp that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before November 1, 2004, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before November 1, 2004, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

21. On or about November 1, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, contacted Plaintiff by telephone and demanded payment of the alleged debt.

22. This telephone call to Plaintiff, by Defendant Collectcorp and Defendant Glenn Patton, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

23. Without exception, this November 1, 2004 communication by Defendants did not state that Collectcorp and Defendant Glenn Patton were debt collectors or provide Defendant's names, thereby lacking meaningful disclosure of the caller's identity. As such, the communication violates 15 U.S.C. §§ 1692d(6), 1692e(11), and Cal. Civ. Code § 1788.11(b). Because this action violated 15 U.S.C. §§ 1692d(6) and 1692e(11), it also violates Cal. Civ. Code § 1788.17

24. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide written notification of a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

25. Subsequently, Defendant Collectcorp, through their representative Defendant Glenn Patton, contacted Plaintiff numerous times by telephone and demanded payment of the alleged debt. In no instance did Defendants state that they were a "debt collectors" or disclosure the caller's identity thereby lacking meaningful disclosure of the caller's identity. As such, the communications violated 15 U.S.C. §§ 1692d(6), 1692e(11), and Cal. Civ. Code § 1788.11(b). Because this action violated 15 U.S.C. §§ 1692d(6) and 1692e(11), it also violates Cal. Civ. Code § 1788.17.

26. The above calls were often made to Plaintiff two or three times per day, and as such, violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(5), and Cal. Civ. Code § 1788.11(e). Because this action violated 15 U.S.C. § 1692d, 15 U.S.C. §§ 1692d(5), it also violates Cal. Civ. Code § 1788.17.

27. During these telephone calls, Defendant Collectcorp, through their representative Defendant Glenn Patton, left messages stating the calls were regarding a "legal matter." Plaintiff understood this to mean Plaintiff may have legal problems and that Plaintiff was about to be sued. This conduct violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(4), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(7), 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.13(j), and Cal. Civ. Code § 1788.17.

28. Subsequently, Defendant Collectcorp, through their representative Defendant Glenn Patton, began telephoning into Plaintiff's "Call Center" often four or five times per day. By calling the call center, rather than Plaintiff's direct telephone line, which Defendants already had on record, Defendants were required to speak with Plaintiff's co-workers before speaking with Plaintiff. When Plaintiff asked Defendant to stop calling the "Call Center," by whispering to Defendant that she could not take calls through the "Call Center," Defendant mocked Plaintiff and refused to stop making these types of calls. This initial conduct and the subsequent refusal to not call the "Call Center" was an obvious attempt to upset and embarrass Plaintiff by constantly speaking with Plaintiff's co-workers, and these calls had that effect, and constituted violations of the FDCPA and the RFDCPA, including, but not limited to, 15 U.S.C. § 1692d, 15 U.S.C. § 1692f(4) and Cal. Civ. Code § 1788.17.

29. On or about November 3, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton telephoned Plaintiff at Plaintiff's place of employment and demanded payment of the alleged debt. This telephone call was a "communication" as that term is addressed by 15 U.S.C. §1692c(a).

30. During this conversation, Plaintiff advised Defendant that she was at work that these calls were disrupting her ability to work in a manner consistent with 15 U.S.C. §1692c(a)(1) and §1692c(a)(3).

31. Subsequently on dozens of different occasions, Defendant Collectcorp, through their representative Defendant Glenn Patton, who now knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication, and that such calls were inconvenient, again telephoned Plaintiff at Plaintiff's place of employment and again demanded payment of the alleged

debt. This action by Defendant violated 15 U.S.C. §1692c(a)(1) and §1692c(a)(3) and, because this action violated 15 U.S.C. §1692c(a)(1) and §1692c(a)(3), it also violated Cal. Civ. Code 1788.17.

32. Every day, or nearly every day, for over a month, Defendant Collectcorp, through their representative Defendant Glenn Patton made repeated telephone calls to Plaintiff's place of employment and to Plaintiff's cellular telephone. This action by Defendant violated 15 U.S.C. §1692c(a)(1), §1692c(a)(3), 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(5), and Cal. Civ. Code § 1788.11(e). Because this action violated 15 U.S.C. §1692c(a)(1), §1692c(a)(3), 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(5), it also violates Cal. Civ. Code § 1788.17.

33. On numerous occasions during these telephone calls to Plaintiff's employer, Defendant Collectcorp, through their representative Defendant Glenn Patton, spoke with Plaintiff's co-workers and supervisors of Plaintiff, all of whom were third parties as that term is addressed in 15 U.S.C. § 1692c(b).

34. These communications to third parties were without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

35. This conduct also violated California Civil Code § 1788.12(a).

36. Because this communication violated the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), it also violated California Civil Code § 1788.17.

37. On or about November 18, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, contacted a friend of Plaintiff, a third party as that term is addressed in 15 U.S.C. § 1692c(b), and discussed Plaintiff's alleged debt at length.

38. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor,

or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

39. Because this communication violated the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), it also violated California Civil Code § 1788.17.

40. On or about November 26, 2004, Defendants sent a letter to Plaintiff's home demanding payment of the alleged debt. This letter was signed by "Mr. Ream." Plaintiff is informed and believes, and thereon alleges, that no such person as "Mr. Ream" exists within Defendant's organization and that such name is an alias. Such conduct violates California Civil Code § 1788.11(b).

41. On or about December 14, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, communicated with Plaintiff, again at her place of employment. During this conversation, Defendant Collectcorp, through their representative Defendant Glenn Patton, threatened to sue Plaintiff if she did not immediately pay the alleged debt.

42. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

43. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

44. When Plaintiff stated that she could not pay the entire debt and needed to "work something out," Defendant Glenn Patton became belligerent and contentious and shouted "NO! You have to pay it all NOW! It is too late to work to work something out! You had time before, it is too late now!" After some discussion, Defendant Glenn Patton shouted, "THE ONLY WAY TO APPROVE THIS DEAL IS BY YOU GIVING US YOUR [CHECKING ACCOUNT] ROUTING NUMBER!" Defendant then endured much more abuse on the part of Defendant Glenn Patton. When Plaintiff refused to give Defendant Glenn Patton the routing number Defendant Glenn Patton stated. "I know where you work!" When Plaintiff stated that she would not privide Defendant Glenn Patton with the routing number, Defendant Glenn Patton yelled, "YOU JUST BOUGHT YOURSELF A LAWSUIT." Defendant Glenn Patton then stated that Plaintiff was going to have to go to the Superior Court on "First Street" and pay even more than she owed. Defendant Glenn Patton then stated "The lawsuit is on its way." This action by Defendant Glenn Patton constituted a violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(4), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), and Cal. Civ. Code 1788.17.

45. On or about December 15, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, communicated with Plaintiff, again at her place of employment in violation of the FDCPA and the RFDCPA. During this conversation, Defendant Collectcorp, through their representative Defendant Glenn Patton, told Plaintiff that the previous conversation had been surreptitiously recorded, and that Plaintiff now had a legally binding "verbal agreement" with Defendants to provide Defendant with her banking information. This communication by Defendant Collectcorp, through their representative Defendant Glenn Patton, was a false, deceptive, or misleading communication in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and Cal. Civ. Code 1788.17.

46. On or about December 16, 2004, Defendant Collectcorp, through their representative Defendant Travis Hidashi, communicated with Plaintiff through the use of Plaintiff's voice mail, again at her place of employment in violation of the FDCPA and the RFDCPA.

47. On or about December 16, 2004, Defendant Collectcorp, through their representative Defendant Travis Hidashi, again communicated with Plaintiff, again at her place of employment in violation of the FDCPA and the RFDCPA. Defendant Travis Hidashi began yelling at Plaintiff, in violation of the FDCPA and the RFDCPA. When Plaintiff asked Defendant Travis Hidashi to stop yelling, he said, (now whispering) "What do you want me to do, whisper?" When Plaintiff asked Defendant Travis Hidashi to act more professionally, Defendant Travis Hidashi yelled, "STOP TALKING AND LISTEN TO WHAT I HAVE TO SAY!" in violation of the FDCPA and the RFDCPA. Defendant Travis Hidashi then went on to verbally abuse Plaintiff for refusing to provide payment and Plaintiff's banking information. Plaintiff then, again, told Defendant Travis Hidashi that she did have other forms of paying and hung up the telephone.

48. On or about December 21, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, again communicated with Plaintiff, again at her place of employment in violation of the FDCPA and the RFDCPA.

//
//
//

49. During this conversation, Plaintiff again advised Defendant that Plaintiff's employer prohibits Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3). Defendant Glenn Patton's reaction was to yell, "I can not wait!" Plaintiff then hung up the telephone.

50. On or about December 22, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, telephoned Plaintiff at Plaintiff's place of employment and demanded payment of the alleged debt. This telephone call was a "communication" as that term is addressed by 15 U.S.C. §1692c(a).

51. During this conversation, Plaintiff advised Defendant that Plaintiff's employer prohibits Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3). Plaintiff also advised Defendants that she had retained an attorney.

52. On or about December 23, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, who now knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication, again telephoned Plaintiff at Plaintiff's place of employment and again demanded payment of the alleged debt. This action by Defendant violated 15 U.S.C. § 1692c(a)(1), 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692c(a)(3) and, because this action violated 15 U.S.C. § 1692c(a)(1), 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692c(a)(3), it also violated Cal. Civ. Code 1788.17.

53. During this conversation Defendant Collectcorp, through their representative Defendant Glenn Patton, stated that the only way he would stop calling Plaintiff at her place of employment was if Plaintiff paid the alleged debt or Plaintiff sent a cease and desist letter to Defendants. This action by Defendant Collectcorp, through their representative Defendant Glenn Patton, violated 15 U.S.C. § 1692e(10) and, because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

54. On or about December 27, 2004, Defendant Collectcorp, through their representative Defendant Travis Hidashi, who now knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication, again telephoned Plaintiff at Plaintiff's place of employment

and again demanded payment of the alleged debt. This action by Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) and, because this action violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3), it also violated Cal. Civ. Code 1788.17.

55. During this conversation, Defendant Collectcorp, through their representative Defendant Travis Hidashi became belligerent and stated he was "tired of you playing your games! Tell your attorney to call me!" When Plaintiff asked for Defendant Travis Hidashi's last name so that she could give it to her attorney, Defendant Travis Hidashi said simply, "Have a nice day" and hung up the telephone.

56. Now shaken, Plaintiff contacted her legal counsel at the law firm of Hyde & Swigart. Plaintiff advised counsel that even though she had advised Defendants that she had an attorney and that she did not want Defendants to call her at work, they, and specifically Defendant Travis Hidashi, continued to call her at her place of employment. Plaintiff stated that when Plaintiff again told Defendant Travis Hidashi that she had an attorney and did not want to be contacted at her place of employment Defendant Travis Hidashi told Plaintiff that he would continue to telephone Plaintiff at her place of employment unless her attorney contacted him. Plaintiff begged Plaintiff's counsel to "do something" because Defendant Travis Hidashi, had just telephoned her at her place of employment and demanded payment and she was concerned for her job.

57. Responding to this request, Plaintiff's counsel contacted Defendant Travis Hidashi, and advised Defendants that Plaintiff was represented by Hyde & Swigart and that Defendants were to stop communicating with Plaintiff. At this time Defendant Travis Hidashi asked for the name and telephone number of Plaintiff's counsel, and this was given to him.

58. On or about December 28, 2004, Defendant Collectcorp, through their representative Defendant Glenn Patton, telephoned Plaintiff's counsel at counsel's place of employment. During this conversation Defendants continually berated Plaintiff's counsel for what Defendant Glenn Patton apparently viewed as unethical behavior on counsel's part by representing Plaintiff. During this conversation Defendant Glenn Patton stated that he used to manage a law firm, that he also used to own a collection agency, that if Plaintiff's counsel was thinking of filing a lawsuit he should reconsider, and that if Plaintiff's counsel continued with their course of conduct Defendant Glenn Patton would file an ethics complaint with The State Bar of California, in an obvious attempt to

coerce Plaintiff's counsel into not filing such lawsuit. Such conduct violated 15 U.S.C. § 1692f and Cal. Civ. Code 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

61. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### §§ 1788-1788.32 (RFDCPA)

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

64. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

//
//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c).

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 1/20/05

Respectfully submitted,
**Hyde & Swigart**

By: _____
**Joshua B. Swigart, Esq.**
Attorney for Plaintiff

## Affidavit and Verification of Complaint by Lillia Renteria

### Regarding: Renteria v. Collectcorp et al.

I, Lillia Renteria, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I, Lillia Renteria, declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

_____
Lillia Renteria
Lilia or Lilly

__1-14-05__
Date Signed