*E-filed 10/26/05*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIA RENTERIA, | No. C05-00415 HRL |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| COLLECTCORP, et al., | |
| Defendants. | **[Re: Docket Nos. 22 and 23]** |

On October 25, 2005, this court heard the Motions for Protective Order filed by plaintiff Lillia Renteria ("plaintiff") and defendants Collectcorp, Glenn Patton and Travis Hidashi ("defendants"). Having considered the papers filed and the arguments of counsel, the court issues the following order.

**BACKGROUND**

Plaintiff sues for statutory and actual damages, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788. She claims that defendants made abusive, harassing and misleading statements to her in an attempt to collect a credit card debt. Plaintiff has audiotapes of defendants' telephone messages which she says were recorded on her answering machine.

Presently before the court are the parties' cross-motions for protective order under Fed. R. Civ. P. 26(c). Plaintiff seeks an order permitting her to withhold these audiotapes from defendants until after she has completed their depositions. She argues that a protective order is necessary to

prevent defendants from altering their testimony to conform with their recorded statements and to preserve the impeachment value of the tapes.

Defendants seek an order requiring disclosure of the tapes before their depositions may be taken. They contend that plaintiff's only purpose in withholding the recordings is to embarrass defendants at their depositions, and that defendants must be able to verify the authenticity of the recordings before being asked to testify about them. They further argue that plaintiff has not demonstrated good cause for a protective order and that she has violated Fed. R. Civ. P. 26(a) by not producing the recordings as part of her initial disclosures.

## LEGAL STANDARD

Upon a showing of "good cause," the Federal Rules authorize courts to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by ordering "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." *See* FED. R. CIV. P. 26(c)(2). In addition, courts have discretion to control the sequence of discovery "for the convenience of the parties and witnesses and in the interests of justice." FED. R. CIV. P. 26(d). The party seeking a protective order has the burden of showing that it is warranted under Fed. R. Civ. P. 26(c).

## DISCUSSION

Preliminarily, the court notes that the discoverability of the audiotapes is not contested. Indeed, a party has a right to a copy of its prior statements. *See* FED. R. CIV. P. 26(b)(3) ("[a] party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party"). Thus, the issue to be resolved is not whether, but *when* the audiotapes should be produced.

Defendants argue that plaintiff should have produced the tapes with initial disclosures, and by failing to do so, has violated Fed. R. Civ. P. 26(a).[1] That Rule states:

> [A] party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents, data

---

[1] Defendants assert that the parties agreed to produce initial disclosures by May 19, 2005, but that plaintiff did not serve hers until August 15, 2005. Counsel for plaintiff affirmed this at the hearing on this motion. Plaintiff's late disclosures did include reference to the tape recordings, but apparently were not accompanied by copies of the recordings.

2

compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses *unless solely for impeachment* (emphasis added).

FED. R. CIV. P. 26(a).  Plaintiff represents to the court that she intends to use the recordings for impeachment purposes only.  Thus, plaintiff has not violated the Federal Rules, but her use of the recordings shall be limited solely to impeachment purposes.

Plaintiff argues that a protective order is necessary to prevent defendants from altering their testimony to conform with their recorded statements and to preserve the impeachment value of the tapes.  Other courts have agreed, although plaintiff cites no binding precedent.  *See, e.g., Poppo v. AON Risk Servs.*, 49 Fed. R. Serv. 3d 120 (S.D.N.Y. 2000) (granting protective order in sex discrimination case)*; Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487 (S.D. Cal. 1994) (granting protective order in a personal injury action); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705 (S.D.N.Y. 1977) (affirming issuance of protective order in an antitrust action).

Defendants' argument that a protective order in their favor is necessary because plaintiff intends to use the recordings to "embarrass" or "oppress" defendants is unconvincing.  At the hearing, counsel for defendants could not articulate clearly why this embarrassment would occur, except stating that defendants have not had an opportunity to verify that their voices are on the recordings.  As one circuit court has noted, "because release of information not intended by the writer [or speaker] to be for public consumption will almost always have some tendency to embarrass, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  Defendants have not done so in this case.

Plaintiff has demonstrated an interest in obtaining unrefreshed recollection in deposition, and a number of courts have recognized that such an interest is a valid basis for delaying production of the witnesses' statements until after deposition.  Moreover, the court is not convinced that defendants will be prejudiced if production of the tapes is delayed.  Defendants have provided no basis for their argument that slight personal embarrassment is contemplated by Fed. R. Civ. P. 26(c), and they will have sufficient opportunity to review the tapes and to explain any inaccuracies or discrepancies in further discovery or at trial.

3

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for a protective order is GRANTED. Plaintiff will not be required to produce the recordings until after she completes her deposition of defendants. However, before deposing any defendant, and no later than November 2, 2005, plaintiff shall disclose in writing to defendant with respect to each telephone message: (1) the telephone number receiving the message, (2) the date and time received, (3) the caller (if identified or known to plaintiff), and (4) the length (in seconds) of the message;

2. Plaintiff shall immediately produced the audiotapes and any related summaries and transcriptions upon completion of the last deposition of defendants;

3. Plaintiff's use of the recordings shall be limited to impeachment.

4. Defendants' motion for a protective order is DENIED.

**IT IS SO ORDERED.**

Dated: 10/26/05

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Edgar N. De Vera		deverae@cmtlaw.com

Robert L. Hyde		bob@westcoastlitigation.com

Sandra J. Shapiro		sjs@sandrashapiro.com

Joshua B. Swigart		josh@westcoastlitigation.com,

Stephen H. Turner		TURNERS@cmtlaw.com, mahaneyl@cmtlaw.com; vigils@cmtlaw.com; nefuldal@cmtlaw.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 10/26/05

_____/s/ RNR_____
Chambers of Magistrate Judge Lloyd

**United States District Court**
For the Northern District of California

5