*E-filed 1/25/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILLIA RENTERIA,<br><br>  Plaintiff,<br><br>  v.<br><br>COLLECTCORP, GLENN PATTON and TRAVIS HIDASHI,<br><br>  Defendants.<br>_____/ | No. C05-00415 HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH NOTICE OF DEPOSITION** |

On January 24, 2006, this court heard plaintiff's motion to quash the notice of deposition of her attorney, Robert L. Hyde. Based on the papers submitted and the arguments of counsel, the court issues the following order.

**I.     Background**

Plaintiff sues for statutory and actual damages, claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788. She alleges that defendants made abusive, harassing and misleading statements to her in an attempt to collect a credit card debt.

Presently before the court is plaintiff's motion to quash a notice of deposition issued by defendants for plaintiff's attorney, Robert L. Hyde. In her complaint and in answer to an interrogatory, plaintiff stated that, after she became concerned by defendants' harassment of her, she notified her attorney and asked him to contact defendants on her behalf. The complaint detailed plaintiff's counsel's conversation with defendants in which counsel was "berated . . . in an obvious attempt to coerce Plaintiff's counsel into not filing [a] lawsuit." Plaintiff cited this

1 conduct as a violation of the FDCPA and the California Code.  Now, defendants seek to depose
2 plaintiff's counsel about his these events—both his conversation with plaintiff and his
3 conversation with defendants—pursuant to Fed. R. Civ. P 30(a).

**II.     Discussion**

    **A.     Legal Standard**

Federal Rule of Civil Procedure 30(a) provides that "a party may take the testimony of *any* person."(emphasis added).  There is no exclusion for parties' counsel.  While not prohibited, deposition of counsel is disfavored for obvious reasons, including the threat to attorney-client privilege and potential to chill the attorney-client relationship.  In *Shelton v. American Motors*, the preeminent case on the issue, the Eighth Circuit held that deposition of opposing counsel is only appropriate "where the party seeking the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  805 F.2d 1323, 1327 (8th Cir. 1986).  This test has been cited with approval by the Ninth Circuit in *Willer v. Las Vegas Water Dist.*, 176 F.3d 486 (9th Cir. 1999), 1999 WL 274472 *2.  *See, also, Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998) and *Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 589 (S.D. Cal. 1995).

    **B.     Parties' Arguments**

Plaintiff argues that defendants have not met the requirements laid out in *Shelton* for deposing a party's counsel.  Additionally, plaintiff argues that allowing the deposition would conflict with counsel's duty to investigate plaintiff's claims under Rule 11, interfere with plaintiff's rights under the FDCPA, and chill attorney-client communications.

Defendants argue that they have a right to depose plaintiff's counsel because, based on plaintiff's own complaint and discovery responses, counsel is a percipient witness to the events giving rise to this action.  Defendants seek to question counsel about the communications he had with defendants and with plaintiff, which plaintiff seems to present as evidence of FDCPA and state law violations.  Moreover, defendants argue that by tendering a confidential attorney-client communication as an issue in this case, plaintiff has waived the attorney-client privilege.

2

### C. Analysis

Plaintiff seems to present her counsel as a witness to events giving rise to her claims, and under the broad standard of the FRCP, such a witness would ordinarily be deposable. Moreover, by tendering an attorney-client communication as an issue in this case, plaintiff has probably waived privilege to that communication. However, defendants have not convincingly argued that the circumstances of this case meet the requirements of the *Shelton* test, the standard used in this Circuit to determine whether deposition of counsel is appropriate.

Defendants bear the burden of demonstrating that: (1) no other means exist to obtain the information; (2) the information is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1327. Here, defendants have not satisfied any of the requirements. For example, defendants could have obtained unprivileged information about plaintiff's communications with her counsel when they deposed plaintiff.[1] Defendants have also failed to show that the information sought is crucial to the preparation of the case.

Moreover, at the hearing on this motion, plaintiff's co-counsel represented that plaintiff would not call Hyde as a trial witness, neither with respect to her state of mind nor to the substance of his conversations with defendants.[2] Plaintiffs co-counsel further represented that Hyde's conversation with defendants did not form the basis for or support any of plaintiff's claims. Accordingly, despite the implications raised in her complaint and interrogatory response, Hyde's testimony would appear irrelevant.

Accordingly, plaintiff's motion to quash the notice of deposition is granted.

**IT IS SO ORDERED.**

Dated: 1/25/06
/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' counsel stated at the hearing that in deposition, plaintiff was "fuzzy" about the events surrounding her retention of Hyde as her attorney. This fact could have been clarified by an interrogatory. However, pursuant to discussions at the hearing, the court orders plaintiff to answer two questions under oath: 1) On what date did plaintiff retain Hyde as her attorney?; and 2) On what date did plaintiff have the conversation with Hyde that resulted in his calling defendants to get them to cease communicating directly with plaintiff?

[2] This does not necessarily preclude Hyde from testifying at trial if defendants are the ones to raise the issue of their conversation with him.

3

1  THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

2  Edgar N. De Vera          deverae@cmtlaw.com

3  Robert L. Hyde            bob@westcoastlitigation.com, josh@westcoastlitigation.com

4  Joshua B. Swigart         josh@westcoastlitigation.com,

5  Stephen H. Turner         TURNERS@cmtlaw.com, mahaneyl@cmtlaw.com;
                             vigils@cmtlaw.com; nefuldal@cmtlaw.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  1/25/06

　　　　　　　　　　　　　　　　　　　　　　/s/ RNR
Chambers of Magistrate Judge Howard R. Lloyd